SUMMARY ORDER

Petitioner Sunxhou Lin, a native and citizen of the People’s Republic of China, seeks review of a June 9, 2008 order of the BIA denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Sunxhou Lin, No. A99 539 749 (B.I.A. June 9, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When, as here, the BIA does not adopt the decision of the IJ in any respect, we review only the decision of the BIA. See Belortaja v. Gonzales, 484 F.3d 619, 623 (2d Cir.2007). We review the agency’s factual findings under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007). “We review de novo questions of law and the application of law to undisputed fact.” Passi v. Mukasey, 535 F.3d 98, 101 (2d Cir.2008).
I. Asylum and Withholding of Removal
We conclude that the BIA properly denied Lin’s application for asylum and withholding of removal based on his family planning claim. In Shi Liang Lin v. U.S. Dep’t of Justice, we held that the definition of “refugee” under 8 U.S.C. § 1101(a)(42) does not extend automatically to the partners of individuals who have been forcibly sterilized or forced to have an abortion. 494 F.3d 296, 308-10, 314 (2d Cir.2007). Rather, those persons may qualify for refugee status if they can prove past persecution, or a well-founded fear of persecution, “for ‘resistance’ that is directly related to [their] own opposition to a coercive family planning policy.” Id. at 313. Thus, the BIA properly determined that Lin is not eligible for relief based solely on his wife’s alleged forced sterilization. See id. at 314. The BIA also properly found that Lin did not establish that he resisted the family planning policy or that the government would impute his wife’s resistance to him. See id. at 312-13.
While Lin argues that he fears sterilization and economic penalties because he wishes to have more children with his wife, that claim is too speculative to merit relief. Cf. Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005) (finding that an applicant’s claim was “speculative at best” where he failed to demonstrate that he would be persecuted by the Chinese government because of the birth of his second child in the United States). Because Lin was unable to show the objec *942 tive likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal, where both claims were based on the same set of facts. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
II. CAT Relief
Lin argues that the BIA erred in denying his CAT claim based on the IJ’s adverse credibility determination where it declined to consider his challenge to that determination. As the Government points out, however, the BIA’s finding that Lin failed to establish his eligibility for CAT relief did not depend on the IJ’s credibility determination in any respect. Rather, the BIA found that Lin’s application for CAT relief failed because it was premised on his family planning claim, and Lin had failed to show even a well-founded fear of persecution, much less a likelihood of torture. See Ramsameachire v. Ashcroft, 357 F.3d 169, 185 (2d Cir.2004) (“[T]o prevail on a CAT claim the alien need only proffer objective evidence that he or she is likely to be tortured in the future.”).
We agree with Lin, however, that the BIA should have made an independent assessment of his illegal departure claim, as that claim was based on a set of facts independent of his family planning claim. See id. Nevertheless, the BIA’s oversight constituted harmless error, because we are certain that it would have denied Lin’s CAT claim had it considered the issue. See Iavorski v. INS, 232 F.3d 124, 134 (2d Cir.2000) (affirming the BIA’s denial of a motion to reopen on grounds not stated in its decision where the Court was certain that the BIA would have resolved it the same way). It is well-settled that a petitioner is not “entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China.” Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 160 (2d Cir.2005). Because Lin presented no evidence that the Chinese government tortures individuals because they departed from the country illegally, much less particularized evidence that he is likely to be tortured, his CAT claim fails. See id.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).